BIG EAST ENTERTAINMENT, INC., Plaintiff–Appellant,

v.

ZOMBA ENTERPRISES, INC., Defendant–Appellee.

No. 06–4684–cv.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

James P. Cinque, Cinque & Cinque, P.C., New York, NY, for Appellant.

Steven Michael Hayes, Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, New York, N.Y., for Appellee.

Present GUIDO CALABRESI, ROBERT A. KATZMANN and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION** of this appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff–Appellant Big East Entertainment, Inc. ("Big East") appeals from the district court's decision to deny its cross-motion for summary judgment and to grant summary judgment to Defendant–Appellee Zomba Enterprises, Inc. ("Zomba"). *Big East Entertainment, Inc. v. Zomba Enterprises, Inc.,* 453 F.Supp.2d 788 (S.D.N.Y.2006). Big East seeks damages for copyright infringement or, in the alternative, an accounting of profits; the parties dispute ownership of the copyright in the songs on a hip hop album called

"Criminal Minded," created in 1987 by Boogie Down Productions ("BDP").

The district court found (1) that the suit was barred by the statute of limitations, 17 U.S.C. § 507(b); (2) that Big East had no standing to maintain the action; and (3) that, in any event, Big East had failed to demonstrate that it had any interest in the copyright to any of BDP's compositions. We affirm.

Even assuming, *arguendo*, that Big East's suit is not barred by the statute of limitations insofar as the complaint alleges wrongs committed less than three years before it was filed, *see Stone v. Williams*, 970 F.2d 1043, 1050–51 (2d Cir.1992), the district court correctly found that Big East has failed to demonstrate its standing to maintain the action. Appellant purports to be the successor-in-interest to two other companies that were involved in dealings with BDP; all three companies were, or are, wholly owned by the same person, Jack Allen. Big East concedes that it is not the beneficiary of a written assignment of copyright. It asserts, instead that the other corporations were merged into it, and that it thereby acquired by operation of law any interests they might have. But Appellant has submitted insufficient evidence of these claimed mergers. Accordingly, Judge Sweet rightly awarded summary judgment to Appellee. *See Big East*, 453 F.Supp.2d at 796–98.

The judgment of the district court is AFFIRMED.